```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD BUCZYNSKI,

                Plaintiff,      1:17-cv-01126-MAT
                                DECISION AND ORDER
                  -v-

Commissioner of Social Security,

                Defendant.
_____
```

## INTRODUCTION

Franklin C. White, II ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for Disability Insurance Benefits ("DIB"). Docket No. 1. The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Docket Nos. 11, 12, 14. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted, and Defendant's motion is denied. The case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## PROCEDURAL BACKGROUND

On November 20, 2013, Plaintiff protectively filed an application for DIB, alleging disability as of August 2, 2013, due to depression, fibromyalgia, osteoarthritis, mioscopic colitis, and

degenerative disc disease. Administrative Transcript ("T.") 15, 84-85, 87. The claims were initially denied on January 29, 2014. T. 15, 96-107. At Plaintiff's request, a hearing was conducted on May 2, 2016, by administrative law judge ("ALJ") Lynette Gohr. T. 15, 40-82. The ALJ issued an unfavorable decision on June 17, 2016. T. 12-30. Plaintiff appealed the decision to the Appeals Council, which denied his request for review on September 6, 2017, making the ALJ's decision the final determination of the Commissioner. T. 1-3. This action followed.

## **THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). The ALJ initially found that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 17. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2014, the alleged onset date. *Id.*

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: osteoarthritis; left shoulder bursitis; cervical spine with C4-7 disc herniations with left upper extremity radiculopathy; low back with L4-5 left paracentral disc protrusion and L5-S1 bilateral spondylolysis and spondylolisthesis; right upper extremity congenital defect; and right hand Erb's

palsy. *Id*. The ALJ also determined that Plaintiff's medically determinable impairments of collagenous colitis, depressive disorder, and anxiety did not cause significant work-related functional limitations and thus were non-severe. T. 17-18. Further, the ALJ found that Plaintiff's diagnosis of fibromyalgia was not a medically determinable impairment. T. 18.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ specifically considered Listings 1.02, 1.04, and 5.06. T. 18-19.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that he: "can perform occasional reaching, pushing and pulling with the right arm, occasional but not frequent fine and gross manipulation with the right hand, occasional climbing ramps and stairs, no climbing ladders, ropes and scaffolds, and occasional balancing, stooping, kneeling, crouching and crawling." T. 20.

At step four, the ALJ concluded that Plaintiff was capable of performing his past relevant work as a food service manager. T. 28. The ALJ also found that there were other jobs existing in the national economy that Plaintiff was able to perform, and therefore made alternative findings for step five of the sequential

evaluation process.  *Id*.  Specifically, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform the representative occupations of restaurant host, food order expeditor, and food beverage checker. T. 29.  The ALJ accordingly found that Plaintiff was not disabled as defined in the Act.  T. 30.

## **SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error.  42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record.  *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive").  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted).  The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides.  *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted).  "The deferential standard of review for substantial evidence does not apply to the

Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## **DISCUSSION**

Plaintiff contends that remand is warranted because: (1) the ALJ erred at step three of the sequential evaluation, when she found that Plaintiff's osteoarthritis, and lumbar and cervical spine impairments, did not meet the criteria for Listing 1.04; (2) Dr. Balderman's opinion, which the ALJ gave "great weight," does not support the RFC limitation for "occasional" reaching, pushing, pulling, and performing fine and gross manipulation with the right upper extremity; (3) the RFC contains no limitation addressing Plaintiff's severe impairments of left shoulder bursitis and cervical spine C4-7 disc herniations, with left upper extremity radiculopathy; (4) the ALJ erred by assessing an RFC without any mental limitations; and (5) the ALJ erred by failing to assess Plaintiff's carpal tunnel syndrome of the dominant left hand. *See* Docket No. 11-1 at 17-27. For the reasons explained below, the Court finds that the RFC is not supported by substantial evidence, particularly as it pertains to Plaintiff's ability to use his right and left upper extremities. Accordingly, the case is reversed and remanded to the Commissioner for further administrative proceedings.

-5-

## I. **The RFC Assessment**

"When assessing a disability claim, an ALJ has the responsibility of determining a claimant's RFC based on all of the relevant medical and other evidence of record." *Mack v. Commissioner*, No. 1:18-cv-00265-MAT, 2019 WL 1994279, at *4 (W.D.N.Y. May 6, 2019) (citations omitted); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the ALJ). "[T]he ALJ is required to articulate the reasons for the RFC determination, which 'must include a narrative discussion describing how the evidence supports each conclusion.'" *Quinto v. Berryhill*, No. 3:17-cv-00024(JCH), 2017 WL 6017931, at *5 (D. Conn. Dec. 1, 2017) (quoting SSR 96-8p, at *7)).

An RFC finding need not correspond to any particular medical opinion; rather, the ALJ must weigh and synthesize all evidence available to render an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"). However, "[a]n ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . . This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the

ALJ has erred by failing to develop the record with a medical opinion on the RFC." *Quinto,* 2017 WL 6017931, at *12 (citations omitted).

### A. <u>Plaintiff's Assessed Right Arm Limitations</u>

Plaintiff contends that the ALJ, despite giving the opinion of Dr. Balderman "great weight," failed to include limitations in the RFC incorporating Dr. Balderman's opinion that Plaintiff had "marked" limitations for reaching, pushing, pulling, and for the use of his right hand for fine and gross motor work. *See* Docket No. 11-1 at 19.

Dr. Balderman, a consultative examiner, examined Plaintiff of January 13, 2014.[1] T. 321-24. Dr. Balderman opined that Plaintiff had "marked limitation in the use of the right hand for zipping zippers or tying ties. Hand and finger dexterity intact. Grip strength is 3/5 in the right hand and 5/5 in the left hand." T. 323. Dr. Balderman also found that Plaintiff had "marked limitation in the use of the right arm for reaching, pushing, and pulling," and "[m]arked limitation in the use of the right hand for fine and gross motor work." T. 324.

---

[1] Plaintiff's original onset date was August 2, 2013 (*see* T. 198); however, at the administrative hearing, Plaintiff requested leave to amend his onset date to March 1, 2014. *See* T. 44. The ALJ granted Plaintiff's request to amend. *Id.* Accordingly, Dr. Balderman's consultative examination took place before Plaintiff's alleged amended onset date. Defendant does not appear to argue that it was inappropriate for the ALJ to consider Dr. Balderman's opinion relating to Plaintiff's limitations, even though it took place before Plaintiff's amended onset date.

The ALJ gave "great weight" to Dr. Balderman's opinion "regarding functional limitations for the right upper extremity." T. 27. The ALJ found that Dr. Balderman's opinion was "based on an examination by a doctor with programmatic knowledge. Moreover, his opinion is consistent with the record, as a whole." *Id*.

The Court agrees with Plaintiff that there is a discrepancy between Dr. Balderman's opinion that Plaintiff had "marked limitations" for using his right arm for reaching, pushing, pulling, and for using his right hand for fine and gross motor work. The ALJ limited Plaintiff to performing these activities only "occasionally." *See* T. 20.

SSR 83-14 defines "occasional" as "from very little up to one-third of the time." *Id*.; *see also* SSR 96-6p (defining "occasionally"). Applying these definitions to the ALJ's RFC determination, the ALJ found that although Dr. Balderman stated Plaintiff had marked limitations in using his right arm for reaching, pushing, pulling, and for using his right hand for fine and gross motor work, pursuant to the RFC, Plaintiff could perform these functions up to one-third of the total workday. Dr. Balderman's functional assessment was too vague to support this RFC. *See Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000) (finding that consultant's "use of the terms 'moderate' and 'mild,' without additional information, does not permit the ALJ, a layperson notwithstanding her considerable and constant exposure to medical

evidence, to make the necessary inference that [plaintiff could] perform the exertional requirements of sedentary work"); *see also Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (finding that ALJ's reliance on treating physician's statement that plaintiff could "lift . . . objects of a mild degree of weight on an intermittent basis" was too vague to support ALJ's finding that plaintiff could perform light work).

Other courts have found that a physician's assessment that a plaintiff has "marked" limitations is not necessarily consistent with an RFC limiting the Plaintiff to "occasionally" performing those same activities. *See, e.g., Edwards v. Commissioner*, No. 16-cv-0948-MJR, 2018 WL 5859518, at *5 (W.D.N.Y. Nov. 9, 2018) ("If the ALJ is in agreement that plaintiff has a marked limitation as to climbing stairs, remand is necessary for the ALJ to explain how a marked limitation in that area is consistent with occasional stair climbing. The Social Security Regulations define 'occasionally' as 'occurring from very little up to one-third of the time.' The ALJ does not explain how a marked limitation would allow plaintiff to spend up to one-third of his work day climbing stairs.") (internal citation omitted); *Oney v. Colvin*, No. 1:14-CV-00720 (MAT), 2017 WL 1054914, at *2-3 (W.D.N.Y. Mar. 21, 2017) (remand required where the ALJ interpreted doctor's "marked" restrictions in rotation of the head, bending, lifting, and carrying as consistent with the ALJ's RFC limiting plaintiff to

"occasional" performance of postural activities and flexion, extension, and rotation of the neck).

Despite the discrepancy between Dr. Balderman's opinion and the limitations included in the RFC, the written determination does not include any explanation as to how limiting Plaintiff to occasionally using his right arm/hand is consistent with Dr. Balderman's opinion that Plaintiff had marked limitations for performing those same activities. Without this additional information, the Court is unable to discern how the ALJ arrived at his conclusion that the RFC is supported by Dr. Balderman's opinion, and therefore whether the RFC is supported by substantial evidence. *See Buchanan v. Colvin*, No. 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) ("because the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence."); *see also Otts v. Colvin*, No. 15-CV-6731-FPG, 2016 WL 6677192, at *4 (W.D.N.Y. Nov. 14, 2016) ("Despite Dr. Persaud's opinion that Otts had a 'moderate to marked' restriction for lifting, carrying, pushing, and pulling, the ALJ determined, without explanation, that Otts can lift and carry up to 20 pounds occasionally and 10 pounds frequently without pushing or pulling restrictions. A claimant is not necessarily rendered disabled simply because he or she has

moderate physical limitations. Under these circumstances, however, the ALJ must discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the claimant] could still perform light work.") (internal quotations and citations omitted) (alteration in original).

Defendant contends that the ALJ had "other evidence" supporting Plaintiff's ability to "occasionally" use his right arm for reaching, pushing, pulling, and for using his right hand for fine and gross motor work. Docket No. 12-1 at 20-21. Defendant points to Dr. Ahmad's notation in December 2015 and March 2016 that Plaintiff had full strength in both upper extremities, Dr. Balderman's finding that Plaintiff had four out of five grip strength in his right arm, as well as evidence that Plaintiff could perform some activities of daily living. *Id*. at 21. Like the ALJ, defense counsel is not a medical doctor, and is not qualified to opine that Plaintiff's grip strength and his ability to do the above-mentioned activities somehow equate to his ability to use his right arm for reaching, pushing, pulling, and for using his right hand for fine and gross motor work. As the ALJ cites to no other medical opinion evidence supporting his assessment of Plaintiff's right arm/hand limitations, it appears that the ALJ impermissibly relied on her own medical judgment in formulating the RFC. *See Oney*, 2017 WL 1054914, at *3. The Court therefore agrees with Plaintiff that although the ALJ stated she gave "great" weight to

Dr. Balderman's opinion, the opinion did not actually support the RFC finding as to Plaintiff's right arm/hand limitations. Remand is required on this basis.

**B.** <u>**Plaintiff's Assessed Left Arm Limitations**</u>

Plaintiff next contends that the ALJ failed to assess limitations accounting for his left arm impairments. Docket No. 11-1 at 22. Defendant argues that the RFC accounted for Plaintiff's left arm impairments, because the RFC "was for light work (as compared to medium or heavy work), that includes significant lifting restrictions, and further limited Plaintiff to no climbing ladders, ropes, or scaffolds." Docket No. 12-1 at 21.

At step two of the sequential evaluation, the ALJ found that Plaintiff had "severe" left arm impairments, including "left shoulder bursitis," and "cervical spine with C4-7 disc herniations with left upper extremity radiculopathy." T. 17. Despite finding that Plaintiff's left arm impairments were severe, the ALJ assessed an RFC that only included specific limitations addressing Plaintiff's ability to use his right arm/hand. The RFC contains no specific limitations regarding Plaintiff's use of his left arm. *See* T. 20 ("he can perform occasional reaching, pushing and pulling with the right arm, occasional but not frequent fine and gross manipulation with the right hand. . . ."). Further, the written determination does not explain how limiting Plaintiff to "light

work," accounts for his severe left arm impairments of left shoulder bursitis and left upper extremity radiculopathy. On remand, the ALJ should more fully discuss Plaintiff's left arm impairments, and identify the specific limitations contained in the RFC that address these impairments.

## II. **Plaintiff's Remaining Arguments**

Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining arguments concerning the ALJ's assessment of Plaintiff's impairments at step three of the sequential evaluation, the ALJ's failure to assess limitations for Plaintiff's alleged mental impairments, and the ALJ's failure to consider Plaintiff's alleged carpal tunnel syndrome.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Decision and Order. Defendant's motion for judgment on the pleadings (Docket No. 12) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 28, 2019
         Rochester, New York